**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW R. PERRONG | ) | |
| 1657 The Fairway #131 Jenkintown, PA 19046 | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| vs. | ) | No._____ |
| | ) | |
| VOISEL LLC. | ) | |
| d/b/a "Today Natural Wellness" | ) | |
| 1815 KNOLL DR. | ) | |
| VENTURA, CA 93003, | ) | |
| | ) | |
| MICHAEL HUYNH, | ) | |
| Individually and as Principal of VOISEL, | ) | |
| 1815 KNOLL DR, | ) | |
| VENTURA, CA 93003, | ) | |
| | ) | |
| MICHAEL MAHONEY | ) | |
| Individually and as Principal of VOISEL | ) | |
| 1815 KNOLL DR. | ) | |
| VENTURA, CA 93003, | ) | |
| | ) | |
| SHAUN MAHONEY | ) | |
| Individually and as Principal of VOISEL | ) | |
| 1815 KNOLL DR. | ) | |
| VENTURA, CA 93003, | ) | |
| | ) | |
| and | ) | |
| DOES 1 through 100, inclusive, | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |
| | ) | |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution,

reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and

injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64

for the *ultra vires* illegal actions and deliberate and knowing tortious activity of VOISEL LLC,

("VOISEL"), MICHAEL HUYNH, MICHAEL MAHONEY, and SHAUN MAHONEY

1

Individually and as Principals of VOISEL ("HUYNH," "MAHONEY," and "S. MAHONEY"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system and/or robocalls ("ATDS Calls"), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.      **Introduction**

1.   Defendant VOISEL LLC ("VOISEL") is a company located and domestically incorporated in the State of California. VOISEL does business under the name "Today Natural Wellness," although Plaintiff has been unable to find any fictitious business by that name. VOISEL illegally imports, markets, and sells, *inter alia,* generic sildenafil citrate (Viagra) tablets, without a prescription, to individuals throughout Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 1815 KNOLL DR. VENTURA, CA 93003.

2.   Plaintiff brings this action to challenge Company's practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which they markets their products and services, illegal Calls made using an automatic telephone dialing system and robocalls, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3.   All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

**Jurisdiction and Venue**

4.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to a 215-area code number, registered in this judicial district. Each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

## II.    Parties

6.   Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private cellular telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7.   Defendant VOISEL LLC ("VOISEL") is a company located and domestically incorporated in the State of California. VOISEL does business under the name "Today Natural Wellness," although Plaintiff has been unable to find any fictitious business by that name. VOISEL illegally imports, markets, and sells, *inter alia,* generic sildenafil citrate (Viagra) tablets, without a prescription, to individuals throughout Pennsylvania and other states in the US.

3

Its principal mailing address and address for service of process is located at 1815 KNOLL DR. VENTURA, CA 93003.

8.   Defendant MICHAEL HUYNH ("HUYNH") is an adult individual who is the Primary Owner of VOISEL. HUYNH is an adult individual, and citizen of the United States. As Principal of VOISEL, HUYNH is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California, Pennsylvania, and nationwide.

9.   Defendant MICHAEL MAHONEY ("MAHONEY") is an adult individual who is another Managing Member / Principal of VOISEL. MAHONEY is an adult individual, and citizen of the United States. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California, Pennsylvania, and nationwide.

10. Defendant SHAUN MAHONEY ("MAHONEY") is an adult individual who is another Managing Member / Principal of VOISEL. MAHONEY is an adult individual, and citizen of the United States. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California, Pennsylvania, and nationwide.

11. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

12. At all times herein mentioned, VOISEL, HUYNH, MAHONEY, MAHONEY, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of

4

such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

13. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

14. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

15. The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

16. Under the TCPA, an individual such as HUYNH, MAHONEY, or MAHONEY may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217, the Communications Act of 1934, as amended, of which the TCPA is a part, which reads, *inter alia*: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

17.  When considering individual officer liability, other Courts have agreed that a Corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See*, e.g*., Jackson v. Five Star Catering, Inc., v. Beason*, 2013 U.S. Dist. LEXIS 159985, \*10 (E.D. Mich. Nov. 8, 2013), which stated that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *See also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), stating that "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

18.  Defendants HUYNH, MAHONEY, and MAHONEY are personally liable under the "participation theory" of liability because are the Principal owners and controlling officers of VOISEL, knew of Company's violations, and directed employees and/or agents of Company to continue making those violations. Furthermore, HUYNH, MAHONEY, and MAHONEY are personally liable because they are personally responsible for ensuring Company's employees' TCPA compliance.

### III.    Factual Allegations

19. In or about May 7th , 2018, Plaintiff received the first of multiple calls made using an automatic telephone dialing system ("ATDS") or robocall by Defendants and/or their agents at Plaintiff's personal cellular telephone number, 215-208-9484, for which he is charged for the call. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

20. This first call, received at 4:07 PM, bore the Caller ID 844-388-0283, which is, upon

information and belief, registered to Defendant VOISEL and Defendant HYUNH, and was answered by Plaintiff. Plaintiff said "hello" for about twenty (20) seconds before an artificial or prerecorded voice began playing a recorded message from "Steve" stating that Plaintiff had "taken advantage of Viagra in the past" and advertised a "2018 super Viagra promotion," and directed Plaintiff to press 1 to speak to someone to get "80 pills for $139.00".

21. Plaintiff has never ordered, taken, or used Viagra in the past and has no need for it, despite what the message said. Plaintiff does not, and has never, held a valid prescription for Viagra. Despite this, Plaintiff pressed "1" to discover the identity of the caller and for no other reason.

22. After about a 3 minute hold, Plaintiff was transferred to an agent named "Rashad" with "Today Natural Wellness," a fake DBA name for Defendant VOISEL.

23. Plaintiff knew that it would not be easy, or potentially impossible, to identify the caller without placing an order. Accordingly, Plaintiff placed an order for sixty (60)-100mg sildenafil citrate (Viagra) tablets, which the agent claimed were manufactured in India, for $106.00, for the sole purpose of identifying the true identity of the caller. Plaintiff was not asked to present a valid prescription, and the transaction was "no questions asked."

24. Plaintiff provided his Discover credit card number, but locked the card so that the charge would not go through.

25. Plaintiff was then provided a callback number of 888-906-2314, which is, upon information and belief, registered to Defendant VOISEL and Defendant HYUNH. Plaintiff thanked "Rashad" and terminated the call.

26. Nowhere during the call was Plaintiff asked about his medical history, age, sexual

history, need for Viagra, prescription, or potentially fatal health conditions. Critically, it was made clear that no prescription would need to be obtained or required in order to purchase.

27. Plaintiff received an e-mail from Discover Card at approximately 4:20 PM notifying him of an attempted and declined charge from "Today Natural Wellness."

28. Plaintiff then received a call from the caller ID 888-350-6330, which is, upon information and belief, registered to Defendant VOISEL and Defendant HYUNH, that same day at 4:21 PM. This call took place shortly after Plaintiff's Credit Card declined the transaction. Plaintiff said "Hello," and then hung up as nobody was on the line. Plaintiff suspects that this call was placed using an Automatic Telephone Dialing System because there was nobody on the line to be connected to and because there was machine noise in the background. Because of their automated nature, such systems often exhibit this abnormal behavior.

29. Plaintiff then received an identical call a few seconds later, still at 4:21 PM. Plaintiff suspects that this call was placed using an Automatic Telephone Dialing System because of the tremendously short time for a call back, and the fact that he said "Hello" a few times and heard clicking, choppy audio, and machine noise before the call was transferred to "Rashad." Plaintiff told "Rashad" not to call him again and then hung up.

30. Despite this request not to be contacted, Plaintiff received yet another call a few seconds later with the identical number, still at 4:21 PM. Plaintiff suspects that this call was placed using an Automatic Telephone Dialing System because of the tremendously short time for a call back, and the fact that he said "Hello" a few times and heard clicking, choppy audio, and machine noise before the call was transferred to "Rashad."  Plaintiff again reiterated his request not to be contacted and then disconnected the call.

31. In a bold attempt to push their illegal drugs on Plaintiff, Plaintiff received a final call

that day from 888-644-3170 at 4:23 PM, wherein Plaintiff, upon connection to "Rashad,"

reiterated for a third time his request not to be contacted. Plaintiff suspects that this call was

placed using an Automatic Telephone Dialing System because of the fact that he said "hello" a

few times and heard clicking and machine noise before the call was transferred to "Rashad."

32. Defendants boldly attempted another charge on Plaintiff's Discover credit card the

next day, May 8, 2018, for $96.16. This charge attempt was for less than the full amount and

made without Plaintiff's knowledge or consent.

33. As if that were not enough, Plaintiff received another final "salvo" call on May 11 at

6:33 PM from "Rashad." This call was placed using a restricted Caller ID. This fact, as well as

the time to connect to "Rashad" and the clicking, choppy audio, and machine noise that was

present before the call was connected, is evidence that the call was placed using an Automatic

Telephone Dialing System. Not wanting to hear any more, and disgusted by the call, Plaintiff

hung up as soon as "Rashad" identified himself.

34. To the best of Plaintiff's knowledge, none of the Defendants are doctors, pharmacists,

licensed as a pharmacy, or licensed under any authority or capacity to dispense any prescription

medication, including, but not limited to, sildenafil citrate (Viagra).

35. Upon information and belief, Defendants illegally import generic sildenafil citrate

(Viagra) into the United States from India and cause it to be distributed to persons through the

channels of interstate commerce without a prescription. In the eyes of the law, Defendants are

acting as illegal drug dealers by using the channels of interstate commerce to cause to be

imported and sell controlled prescription drugs without a prescription.

36. It is generally recognized that the illegal importation and sale of prescription drugs,

9

especially sildenafil citrate (Viagra), into the United States, has serious, potentially fatal, health

effects. Defendants' conduct of calling persons *en masse* to solicit illegal sales of such drugs

without a prescription, for recreational use, without so much as an age or health verification is a

tremendous public health and safety concern. Additionally, such conduct warrants an injunction

to protect the health, safety, and public interest of the American consumer.

37. Upon information and belief, Defendants lie to their Credit Card merchant processing

companies, and use such fronts as "Today Natural Wellness" or "Voisel" whose website

(http://www.voisel.com/, archived at https://archive.is/kMsCQ) describes themselves as a "call

center" company, to hide the true illegal nature of the products for which they are actually

processing credit card transactions.

38. The connection between "Today Natural Wellness" and Voisel are clear, for instance

at https://local.yahoo.com/info-203459147-today-natural-wellness-ventura (archived at

https://archive.is/nG0ZR), which lists the same 1815 Knoll Dr, Ventura, CA 93003 address as

Voisel. Moreover, other public records indicate that Voisel owns the

todaynaturalwellnessproducts.com and todaynaturalwellness.com website domains, although

they are currently inactive.

39. Because Plaintiff asked numerous times to be placed on Defendants' Do-Not-Call list

and was not, it is evident that Defendants do not maintain such a list. Likewise, based on this

fact, it is clear that Defendants do not have any Do-Not-Call policies or procedures in place.

Based on the nature of their illegal activities, Defendants' noncompliance with the law in this

regard is unsurprising.

40. Plaintiff received the calls on his private cellular telephone, which is, in addition to

being a cellular telephone, a telephone for which he is charged  for the calls, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

41. The fact that the first call played an "artificial or prerecorded voice" to transmit a message is *bona fide* evidence that the first call was a "robocall" made with an "artificial or prerecorded voice" as that term is defined in 47 U.S.C. § 227(b)(1)(A).

42. These facts of rapid callback, machine noise, choppy audio, clicking, the geographic distance between the Plaintiff and the Defendants, as well as the fact that this call was part of a broad-ranging telemarketing campaign, in the latter five calls, demonstrate that these calls were made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

43. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service… or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private cellular telephone line, on which he is charged for the call.

44.  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

45. Plaintiff was harmed by the calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, it used up his minutes, he wasted energy and stress in answering a call, his telephone batteries were depleted, he was charged for the calls, and his

11

privacy was improperly invaded. Moreover, the calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

46. Plaintiff adequately confirmed corporate identity for each and every call so as to establish liability of Defendants, as more fully outlined above.

47. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

48. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" or otherwise to transmit a message or make calls.

49. As a point of fact, to the extent that "consent" was supplied during the calls, that was done in order to discover the identity of the caller and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call."

50. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

51. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## IV.   Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

52. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

53. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

55. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

56. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

57.  Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

58. Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

59. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C.
§ 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory
damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

60.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting
such conduct in the future.

**Fourth Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

61. Plaintiff incorporates and realleges, as though fully set forth herein, each of the
paragraphs above.

62. As a result of Defendants' and Defendants' agents knowing and/or willful violations
of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble
damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47
U.S.C. § 227(c)(5).

63.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting
such conduct in the future.

**Fifth Cause of Action**

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

1.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the
paragraphs above.

2.  As a result of Defendants' and Defendants' agents negligent violations of 47 CFR

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private cellular right of action.

## Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

3.   Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

4.   As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private cellular right of action.

## Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

5.   Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

6.   As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private cellular right of action.

## Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

7.   Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

8.   As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private cellular right of action.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

## V.      Prayer for Relief

On Causes of Action 1-10:

1. For awards of $500 for each negligent violation as set forth in actions 1-12;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-12.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: : **$36,000** (Six counts each of: sales call, ATDS call, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, at $500 per count of each, with treble damages for each.)

4. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred;

7. In the interest of public health and safety, *Sua Sponte* issuance of an injunction enjoining Defendants from calling, importing, manufacturing, selling, purchasing, exporting, mailing, peddling, charging, or brokering, prescription drugs, along with an injunction freezing related merchant accounts, bank accounts, and assets; and

8. All such other and further relief as the Court deems proper.

## VI.    <u>Demand for Jury Trial</u>

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **May 29, 2018**

/s/

Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

17